UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| RULA A.-S. and M.Q., <br><br> Plaintiffs, <br><br> v. <br><br> AURORA HEALTH CARE and the AURORA HEALTH CARE, INC. HEALTH AND WELFARE PLAN, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO TRANSFER VENUE AND DENYING WITHOUT PREJUDICE MOTION TO DISMISS (DOC. NO. 12)** <br><br> Case No. 2:19-cv-00982-DAO <br><br> Magistrate Judge Daphne A. Oberg |

Plaintiffs Rula A.-S. and M.Q. brought this case against Defendants Aurora Health Care ("Aurora") and the Aurora Health Care, Inc. Health and Welfare Plan ("the Plan") arising out of their failure to pay for treatment M.Q. received at a residential treatment program in Utah. Plaintiffs assert two claims against Defendants. The first claim is for recovery of plan benefits under 29 U.S.C. § 1132(a)(1)(B) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq. ("ERISA"), and the second claim alleges a violation of the Mental Health Parity and Addiction Equity Act of 2008, codified at 29 U.S.C. § 1185a(a)(3)(A)(ii) and enforced through 29 U.S.C. § 1132(a)(3) ("Parity Act"). (Compl. ¶¶ 23–41, Doc. No. 2.)

Before the court[1] is Defendants' Motion to Dismiss and Motion to Transfer Venue ("Mot.," Doc. No. 12). Defendants seek to dismiss Plaintiff's Parity Act claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (*Id.* at 1.) Defendants also seek to transfer the case to the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1404(a), arguing that district is

---

[1] The parties consent to proceed before a magistrate judge in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (Doc. No. 11.)

the more appropriate forum because Plaintiffs reside in Wisconsin and Aurora is headquartered and administers the Plan there. (*Id.* at 1–2.)

For the reasons set forth below, the court GRANTS the motion to transfer venue and DENIES WITHOUT PREJUDICE the motion to dismiss.

## BACKGROUND

Rula A.-S. and M.Q. reside in Ozaukee County, Wisconsin. (Compl. ¶ 1, Doc. No. 2.) Rula A.-S. is M.Q.'s mother. (*Id.*) In 2017, M.Q. traveled to Utah to receive treatment at Alpine Academy, a licensed residential treatment facility which provides sub-acute inpatient treatment to adolescents with mental health, behavioral, and/or substance use problems. (*Id.* ¶¶ 4, 9.)

Aurora is an insurance company headquartered in Milwaukee, Wisconsin. (*Id.* ¶ 2.) The Plan is a self-funded employee welfare benefits plan under ERISA. (*Id.* ¶ 3.) Aurora is the third-party claims administrator for the Plan. (*Id.* ¶ 2.) Rula A.-S. was a participant in the Plan and M.Q. was a beneficiary of the Plan during the treatment period at issue. (*Id.* ¶ 3.)

Aurora denied claims for payment of the expenses for M.Q.'s treatment at Alpine Academy. (*Id.* ¶ 5.) Aurora sent an initial denial letter dated January 27, 2017, the day M.Q. was admitted. (*Id.* ¶¶ 9–10.) The letter stated that because Alpine Academy referred to its residents as "students," it was "a school setting with a therapeutic component" and, therefore, fell under the Plan exclusion for school programs. (*Id.* ¶ 10.) The letter further explained Alpine Academy did not meet the Plan definition of a "covered facility" because "there is no indication of a formal psychiatric treatment program involving a multidisciplinary team that is led by the active participation of a physician." (*Id.*)

Rula A.-S. appealed the denial, disputing Aurora's classification of Alpine Academy as a school and noting that the State of Utah had licensed it as a residential treatment facility. (*Id.*

¶ 11.) Ms. A.-S. also contested Aurora's assertion that Alpine Academy had no multidisciplinary team in place. (*Id.* ¶ 15.) Aurora upheld the denial in a letter dated June 20, 2017. (*Id.* ¶ 19.) The letter reiterated that the information submitted to Aurora did not show Alpine Academy was a "covered residential facility" because "[t]here is no indication of a formal psychiatric treatment program [led] by a multidisciplinary team," and "[t]here are no treatment notes or indication that the patient is being monitored by nurse staffing." (*Id.*)

Plaintiffs then filed this case for recovery of benefits under ERISA and for alleged violations of the Parity Act. (*Id.* ¶¶ 23–41.) Defendants moved to dismiss the Parity Act claim and to transfer the case to the Eastern District of Wisconsin. (Mot., Doc. No. 12.) In support of their motion, Defendants filed a declaration from a vice president of Aurora stating that the Plan is administered in Wisconsin, the decision to deny payment for M.Q.'s treatment was made in Wisconsin, and the individual employees involved in the review and denial of payment for M.Q.'s treatment reside in Wisconsin. (Decl. of [Aurora Employee] in Support of Mot. to Dismiss and Mot. to Transfer Venue ("Aurora Decl.") ¶¶ 4–8, Doc. No. 13.)

## DISCUSSION

### I. MOTION TO TRANSFER VENUE

Section 1404 of Title 28 provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). ERISA's venue provision permits an ERISA case to be brought "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). "The breach of an ERISA plan occurs at the place the policy holder resides and would have received benefits." *IHC Health*

3

*Servs. v. Eskaton Props.*, No. 2:16-cv-00003, 2016 U.S. Dist. LEXIS 124848, at *10 (D. Utah Sept. 12, 2016) (unpublished).

"The party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient." *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991). A court should consider the following factors:

> [1] the plaintiff's choice of forum; [2] the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; [3] the cost of making the necessary proof; [4] questions as to the enforceability of a judgment if one is obtained; [5] relative advantages and obstacles to a fair trial; [6] difficulties that may arise from congested dockets; [7] the possibility of the existence of questions arising in the area of conflict of laws; [8] the advantage of having a local court determine questions of local law; and [9], all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Id.* at 1516 (internal quotation marks omitted). "[T]he moving party must provide evidence showing the inconvenience; mere allegations are not sufficient to meet the moving party's burden of proof." *Briesch v. Auto. Club of S. Cal.*, 40 F. Supp. 2d 1318, 1322 (D. Utah 1999). "Merely shifting the inconvenience from one side to the other, however, obviously is not a permissible justification for a change of venue." *Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010) (internal quotation marks omitted).

The parties agree this case could have been brought in the Eastern District of Wisconsin, as the district where Plaintiffs reside, where the Plan is administered, and where Aurora maintains its principal place of business. (*See* Mot. 10, Doc. No. 12; Pls.' Mem. in Opp'n to Defs.' Mot. ("Opp'n") 15, Doc. No. 16.) Therefore, the only disputed issue is whether the Eastern District of Wisconsin is a more appropriate forum under the factors set forth above. Of these factors, only the plaintiffs' choice of forum, the accessibility of witnesses and other sources of proof, and other practical considerations are relevant in this case. Nothing in the record

suggests a difference exists between the two districts as to the cost of making the necessary proof, the enforceability of a judgment, the ability to receive a fair trial, or congestion of dockets. And concerns regarding conflict of laws and interpretation of local laws are not present because this case arises under federal law. *See Eskaton Props.*, 2016 U.S. Dist. LEXIS 124848, at *20–21. Thus, the analysis below focuses on the remaining three factors.

### A. Plaintiffs' Choice of Forum

"The plaintiff's choice of forum should not be disturbed unless the evidence strongly favors the moving party." *Briesch*, 40 F. Supp. 2d at 1322. "The plaintiff's choice of forum receives less deference, however, if the plaintiff does not reside in the district." *Emp'rs Mut. Cas. Co.*, 618 F.3d at 1168. "Courts also accord little weight to a plaintiff's choice of forum where the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum." *Id.* (internal quotation marks omitted).

Several courts in this district have declined to defer to a plaintiff's choice of forum in ERISA cases where the only connection to Utah was the location of treatment. For example, in *Michael M. v. Nexsen Pruet Group Medical & Dental Plan*, the court found the operative facts bore "no material relation or significant connection to Utah" where the only connection was that the beneficiary received treatment in Utah. No. 2:17-cv-01236, 2018 U.S. Dist. LEXIS 45130, at *11–12 (D. Utah Mar. 19, 2018) (unpublished). South Carolina was where the plaintiffs resided, where the plan was administered, where the breaches allegedly occurred, and where the decisions to deny the claim were made. *Id.* Under those circumstances, the court found the plaintiffs' choice of forum was not controlling and transferred the case to the South Carolina district. *Id.* at *12, 17–18.

Similarly, in *IHC Health Services v. Eskaton Properties*, the court found "Utah lacks any significant connection with the operative facts of this case other than the fact that it is where [the plan participant] received treatment." 2016 U.S. Dist. LEXIS 124848, at *21. The court noted that the ERISA plan was administered in California, the alleged breaches occurred in California, the decision to deny benefits was made in California, and the participant was a resident of California. *Id.* at *3, 21–22. In light of this, as in *Michael M.*, the court found the plaintiff's choice of forum was not controlling and transferred the case to the California district. *Id.* at *23–25.

These cases are both persuasive and applicable to the circumstances here. In this case, as in *Michael M.* and *Eskaton Properties*, the District of Utah's only connection to the operative facts is that M.Q. received treatment in Utah. The Eastern District of Wisconsin is where Plaintiffs reside, where the Plan is administered, where the alleged breaches occurred, and where the decision to deny benefits was made. (Compl. ¶ 1, Doc. No. 2; Aurora Decl. ¶¶ 4–8, Doc. No. 13.) Under these circumstances, Plaintiffs' choice of forum is entitled to less deference and is not controlling.

In support of their argument, Plaintiffs rely on *D.K. v. United Behavioral Health*, a case in which the court denied a motion to transfer venue where the only connections to Utah were the location of treatment and the fact that the defendant had a P.O. Box in Utah where the plaintiffs submitted claims. No. 2:17-cv-01328, 2018 U.S. Dist. LEXIS 183341, at *3, 8–9 (D. Utah Oct. 24, 2018) (unpublished). Unlike in *Eskaton Properties* and *Michael M.*, no single district had a dominant operative connection to both the facts of the case and residences of the parties. In *D.K.*, the plaintiffs resided in Texas, the defendant was a resident of California, and the plan was located and administered in New Jersey. *Id.* at *3. Thus, *D.K.* is distinguishable.

6

To the extent *D.K.* conflicts with *Eskaton Properties* and *Michael M.*, the court finds the reasoning in the latter cases more persuasive. As those cases recognized, the operative facts in an ERISA case center on the administrator's policies and decisions with respect to the claim, not the location of treatment. *See Michael M.*, 2018 U.S. Dist. LEXIS 45130, at *12 (noting that the fact of treatment and related costs were not an issue in the case); *Eskaton Props.*, 2016 U.S. Dist. LEXIS 124848, at *21–23 (finding the operative facts were the administrator's decisions and alleged breaches).

The other cases cited by Plaintiffs for this factor are likewise distinguishable. In *Bruce R. v. United Behavioral Health*, the fact that the claim was processed in Utah provided an additional connection warranting deference to the plaintiffs' choice of forum. No. 2:18-cv-00003, 2018 U.S. Dist. LEXIS 191715, at *7 (D. Utah May 31, 2018) (unpublished). In *IHC Health Services v. Cadence Aerospace, LLC*, the plaintiff operated a medical center located in Utah which had witnesses and evidence in Utah. No. 2:18-cv-00012, 2018 U.S. Dist. LEXIS 79207, at *1, 5 (D. Utah May 9, 2018) (unpublished). In *Gail F. v. QualCare, Inc.*, transferring venue would have moved the case substantially farther away from the plaintiffs' current residence, which would "[m]erely shift[] the inconvenience from one side to the other." No. 1:15-cv-00130, 2017 U.S. Dist. LEXIS 21035, at *12 (D. Utah Feb. 13, 2017) (unpublished). In this case, by contrast, Plaintiffs reside in Wisconsin, the claim was processed in Wisconsin, and the only connection to Utah is the location of treatment. Because there is no other connection to Utah, Plaintiffs' choice of forum is entitled to less deference in this case.

### B. Accessibility of Witnesses and Other Sources of Proof

"The convenience of witnesses is the most important factor in deciding a motion under § 1404(a)." *Emp'rs Mut. Cas. Co.*, 618 F.3d at 1169 (internal quotation marks omitted). "To

demonstrate inconvenience, the movant must (1) identify the witnesses and their locations; (2) 'indicate the quality or materiality of the[ir] testimony'; and (3) 'show [] that any such witnesses were unwilling to come to trial . . .[,] that deposition testimony would be unsatisfactory[,] or that the use of compulsory process would be necessary.'" *Id.* (alterations in original) (quoting *Scheidt v. Klein*, 956 F.2d 963, 966 (10th Cir. 1992)).

Convenience of witnesses is not as important in ERISA cases since the court's review is generally limited to the administrative record. *See Michael M.*, 2018 U.S. Dist. LEXIS 45130, at *12. Nevertheless, to the extent witnesses may be required, courts have concluded the relevant witnesses in ERISA cases are those involved in administering the plan and denying the claims. *See id.* at *13; *Eskaton Props.*, 2016 U.S. Dist. LEXIS 124848, at *24. Here, the relevant witnesses involved in administering the Plan and denying Plaintiff's claims are in Wisconsin. (Aurora Decl. ¶¶ 4–8, Doc. No. 13.) Likewise, any relevant documents would also be found in Wisconsin where the Plan is administered. Because the relevant witnesses and other sources of proof are in Wisconsin, this factor weighs in favor of transferring the case to Wisconsin.

Plaintiffs argue Defendants did not provide sufficient proof of inconvenience because they did not identify specific witnesses or anticipated areas of testimony. (Opp'n 15, Doc. No. 16.) However, Defendants provided a declaration stating that "[t]he individual employees involved in the review and denial of payment for M.Q.'s treatment at Alpine Academy reside in Wisconsin." (Aurora Decl. ¶ 8, Doc. No. 13.) In other ERISA cases, courts have reached the "common sense conclusion" that relevant witnesses will be located where the plan is administered, even where the defendants provided no specifics regarding potential witnesses. *Michael M.*, 2018 U.S. Dist. LEXIS 45130, at *13; *see also Eskaton Props.*, 2016 U.S. Dist.

LEXIS 124848, at *24. Defendants have provided sufficient information for the court to reach the same conclusion here.

The fact that Plaintiffs have also asserted a Parity Act claim does not change this analysis. The Parity Act requires plans to ensure "treatment limitations applicable to [] mental health or substance use disorder benefits are no more restrictive than the predominant treatment limitations applied to substantially all medical and surgical benefits covered by the plan." 29 U.S.C § 1185a(a)(3)(A)(ii). "[D]isparate treatment limitations that violate the Parity Act can be either *facial* (as written in the language or the processes of the plan) or *as-applied* (in operation via application of the plan)." *Peter E. v. United Healthcare Servs.*, No. 2:17-cv-00435, 2019 U.S. Dist. LEXIS 121056, at *7 (D. Utah July 19, 2019) (unpublished) (emphasis in original). Thus, the operative facts for a Parity Act claim center on the plan itself and the administrator's application of the plan. Although additional discovery beyond the administrative record may be available for a Parity Act claim, the relevant issues are the policies and decisions of the administrator and the information considered by the administrator. The sources of proof on those issues are in Wisconsin where the Plan is administered.

Accordingly, this factor favors transferring the case to Wisconsin where the relevant witnesses and documents relating to both claims are located.

### C. Other Practical Considerations

Under a practical consideration of all the facts, the Eastern District of Wisconsin is the forum with the greatest connection to the operative facts of this case and is the most appropriate forum. That district is where the Plan is administered, where the decision to deny the claim was made, and where the relevant witnesses and documents are located. The court finds practical

considerations and the interest of justice weigh in favor of transferring the case to the Eastern District of Wisconsin.

For these reasons, the motion to transfer venue is GRANTED; the case shall be transferred to the Eastern District of Wisconsin.

## II. MOTION TO DISMISS

Because the motion to transfer venue is granted, the court finds Defendants' arguments for dismissal of the Parity Act claim should be addressed in the transferee district. Accordingly, the motion to dismiss is DENIED WITHOUT PREJUDICE. Defendants may file a renewed motion to dismiss after the case is transferred.

## CONCLUSION

The court GRANTS the motion to transfer venue and ORDERS that the case be transferred to the United States District Court for the Eastern District of Wisconsin. The court DENIES WITHOUT PREJUDICE Defendants' motion to dismiss Plaintiffs' Parity Act claim. Defendants may file a renewed motion to dismiss after the case is transferred.

DATED this 8th day of December, 2020.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge